UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEGAVAIL, an Oregon corporation,
PAGLO SAFRONCHIK, TOM LINSTROM,
PAUL HAUER and NEAL SCHNOG,

        Plaintiffs,                      Civil No. 05-1374-AS

       v.

                                     OPINION AND ORDER

ILLINOIS UNION INSURANCE CO., an
Illinois corporation,

        Defendant.

HAGGERTY, Chief Judge:

      In a Findings and Recommendation dated April 18, 2006, Magistrate Judge Ashmanskas recommended granting defendant's Motion for Summary Judgment and denying plaintiffs' Motion for Summary Judgment. Plaintiffs object to the Findings and Recommendation.

1 - OPINION AND ORDER

When a party objects to any portion of a Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Business Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Plaintiffs' objections were filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendation, plaintiffs' objections, and the entire record. For the reasons below, the court sustains plaintiffs' objections.

## ANALYSIS

The Magistrate Judge's presentation of the facts and issues in this matter is comprehensive and the relevant facts need be recited only briefly. Six shareholders of plaintiff Megavail, Inc. (Megavail) sued Megavail and some of its current directors. Two of those six shareholders were prior directors and officers of Megavail. Megavail tendered defense of the lawsuit to its insurance company, defendant Illinois Union Insurance Company. Defendant declined to defend the action, relying upon an "Insured v. Insured" exclusion in the policy. Plaintiffs filed this action for breach of insurance contract and indemnity.

Under Oregon law, exclusionary clauses must be phrased in clear and unambiguous terms, and must be construed strictly against the insurer. *See N. Pac. Ins. Co. v. Hamilton*, 22 P.3d 739, 744 (Or. 2001) (exclusionary clauses must be clear and unambiguous); *Stanford v. Am. Guar. Life Ins. Co.*, 571 P.2d 909, 911 (Or. 1977) (and are construed strictly against the insurer). Additionally, under Oregon law, an insurer has a duty to defend the entire action if the complaint

provides any possible basis for recovery that could be covered by the policy.  *Ledford v. Gutoski*, 877 P.2d 80, 82 (Or. 1994).

Plaintiffs argue that the Findings and Recommendation erred in concluding that the "Insured v. Insured" exclusion applies and compels dismissal of plaintiffs' claims.  Plaintiffs contend that even if the "Insured v. Insured" exclusion should apply, the "acting independently" exception to the clause also should apply, because any one of the four uninsured plaintiffs in the underlying case could have been acting independently of the others.  Pl'.s Objections at 1.

An "Insured v. Insured" exclusion is applicable when the insurer demonstrates that "the allegations of the complaint place the claims squarely within the language of the exclusion." *Bodewes v. Ulico Cas. Co.*, 336 F. Supp. 2d 263, 273 (W.D.N.Y. 2004).  In determining whether the allegations fall within the exclusion, many courts look behind the exclusion's text to its rationale, and do not apply exclusionary clauses when the underlying action is not collusive. *See, e.g., Township of Center, Butler County, Pa. v. First Mercury Syndicate, Inc.*, 117 F.3d 115, 119 (3rd Cir. 1997) (the purpose of the exclusion is to prevent collusive suits, and where the underlying action is not collusive, the exclusion is inapplicable"); *Bodewes*, 336 F. Supp. 2d at 273 (finding the exclusionary clause inapplicable because the action was not "collusive litigation brought for the purpose of imposing upon the insurance company the responsibility of making up for the . . . operational losses"); *Harris v. Gulf Ins. Co.*, 297 F. Supp. 2d 1220, 1227 (N.D. Cal. 2003) (recognizing that "protection from collusive suits" was the "primary reason that such exclusions were adopted"); *Fidelity and Deposit Co. of Md. v. Zandstra*, 756 F. Supp. 429, 431 (N.D. Cal. 1990) (noting that the "obvious intent behind the 'insured v. insured' exclusion is to protect [the insurance company] against collusive suits among [an insured company] and its

3 - OPINION AND ORDER

directors and officers" and concluding that the exclusion was inapplicable because the underlying action was not collusive).

Conversely, some courts rely instead upon the text of the exclusionary clause and refuse to consider the purpose behind exclusionary clauses. *See, e.g., Sphinx Int'l, Inc. v. Nat'l Union Fire Ins. Co.*, 412 F.3d 1224, 1229-30 (11th Cir. 2005) (noting a split in authorities wherein some courts examine an exclusion's rationale, but holding that under Florida law the policy or rationale behind the exclusion could not be considered); *Level 3 Commc'ns, Inc. v. Fed. Ins. Co*, 168 F.3d 956, 958 (7th Cir. 1999) (declining to consider the exclusion's rationale because to do so would turn "a rule into a standard by reference to its rationale"); *see also Powersports, Inc. v. Royal & Sunalliance Ins. Co.*, 307 F. Supp. 2d 1355, 1358-59 (S.D. Fl. 2004) (following Florida law in applying the plain language of the policy, regardless of its underlying purpose).

The Findings and Recommendation relies on *Powersports* in concluding that the "Insured v. Insured" exclusion applies in this case. Findings and Recommendation at 6. After a review of the reasoning and analysis of the relevant case law, and taking into consideration Oregon law requiring strict construction of exclusionary clauses against the insurer and establishing an expansive duty to defend, this court declines to follow the reasoning of the *Powersports, Sphinx*, and *Level 3* courts, and instead follows the *Township of Center*, *Bodewes*, *Harris,* and *Zandstra* courts in looking to the nature of the underlying suit and the rationale behind the exclusionary clause to determine whether the clause is applicable.

Under the facts of this case, the underlying lawsuit clearly is not a collusive action. Therefore, the suit falls outside of the category of suits against which the exclusionary clause

was designed to protect. *Township of Center*, 117 F.3d at 119. Accordingly, the exclusionary clause is inapplicable. Defendant has a duty to defend the underlying case.

Even if the exclusionary clause were to apply, this court also concludes that the clause still would not be a complete bar to defendant's obligation to defend the underlying lawsuit. Defendant's duty to defend is triggered by the presence of the uninsured plaintiffs.

The *Powersports* and *Sphinx* decisions relied on Florida law to determine that where an insured was a plaintiff when the suit was commenced, an "Insured v. Insured" exclusionary clause would exclude coverage for all claims made against the defendant, even other valid claims. Such a result conflicts with Oregon law. Under Oregon law, if any allegations of the complaint, without amendment, could impose liability, the insurance company must defend, even if the complaint contains allegations outside the scope of coverage. *Ledford*, 877 P.2d at 83. The "insurer has a duty to defend if the complaint provides *any basis* for which the insurer provides coverage." *Id.* (emphasis in original) (citation omitted).

The insurance contract at issue contains an exception to the exclusionary clause for independent, derivative shareholder actions. Unlike *Powersports* and *Sphinx,* which involved underlying lawsuits initiated solely by insured parties, four of the six plaintiffs in this case who initiated the underlying lawsuit were uninsured shareholders who clearly had the right to sue Megavail. Accordingly, because the allegations made in the initial complaint by the four uninsured plaintiffs could have imposed liability, the duty to defend was triggered.

Finally, the contract at issue also contains an allocation clause. This clause requires allocation between covered and uncovered losses rather than barring all recovery because of the presence of uncovered claims.

5 - OPINION AND ORDER

Case 3:05-cv-01374-AC   Document 44   Filed 07/19/06   Page 6 of 7

In *Level 3,* the court analyzed whether the presence of an insured plaintiff bars claims from uninsured plaintiffs in light of an allocation clause. The *Level 3* court declined to look behind the exclusionary clause to its rationale, and found the clause to be applicable. *Level 3*, 168 F.3d at 959. However, the court determined that the exclusionary clause did not bar defense of the claims of the uninsured plaintiffs. The court noted that the presence of an insured party "could conceivably contaminate the entire litigation," but found the allocation clause of the contract dispositive because it "dealt with this problem in another way, by requiring allocation of covered and uncovered losses." *Id.* at 960. Although the insured in *Level 3* had a minor percentage of the claim, that court noted that the "allocation provision automatically takes care of the case in which an Insured Person is the primary suitor" by reducing the insurance company's exposure, rather than barring all defense. *Id*. at 960-61.

This court agrees with the *Level 3* court that, if the exclusionary clause is applicable, the allocation clause establishes the method for addressing claims involving both insured and uninsured plaintiffs. The insureds in this case are two of the six plaintiffs and have significant claims. However, as contemplated by the *Level 3* court, even the presence of an insured who is the primary plaintiff does not excuse an insurance company's duty to defend. *Id.*

## **CONCLUSION**

This court must construe the policy as a whole and interpret the exclusionary language in a manner most beneficial to the insured. *Hamilton*, 22 P.3d at 744; *Stanford*, 571 P.2d at 911. In light of this standard, the nature of the underlying suit, and the language and purpose of the exclusionary clause, its exception, and the allocation clause, this court concludes that defendant failed to meet its burden of demonstrating that the allegations of the Complaint fall solely within

6 - OPINION AND ORDER

the "Insured v. Insured" exclusion. *Bodewes*, 336 F. Supp. 2d at 273. Accordingly, the exclusionary clause in the policy at issue does not preclude coverage.

Petitioner's objections are SUSTAINED. Defendant's Motion for Summary Judgment [9] is DENIED.

In light of this ruling, defendant shall file a written brief with this court on or before August 11, 2006 identifying any remaining issues of material fact that would preclude this court from granting plaintiff's Motion for Summary Judgment. Plaintiff's Response must be filed by August 25, 2006. Plaintiff's Motion for Summary Judgment [16] will be taken under advisement after that date.

IT IS SO ORDERED.

Dated this  19th  day of July, 2006.

                                          /s/ Ancer L. Haggerty
                                            ANCER L. HAGGERTY
                                           United States District Judge