UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEGAVAIL, Inc., an Oregon corporation,
PAGLO SAFRONCHIK, TOM LINSTROM,
PAUL HAUER and NEAL SCHNOG,

                Plaintiffs,                          Civil No. 05-1374-AS

                v.

                                                ORDER

ILLINOIS UNION INSURANCE CO., an
Illinois corporation,

                Defendant.
_____

HAGGERTY, Chief Judge:

      This is an action for breach of insurance contract and indemnity filed by plaintiffs against

their insurer, defendant Illinois Union Insurance Company (Illinois Union).  It arises out of

Illinois Union's refusal to defend plaintiffs in a shareholder suit.  The parties filed cross-motions

1 - ORDER

for summary judgment on the issue of whether Illinois Union had a duty to defend.  A Findings

and Recommendation [38] dated April 18, 2006, recommended granting Illinois Union's Motion

for Summary Judgment [9] and denying plaintiffs' Cross Motion for Summary Judgment [16].

On July 19, 2006, this court issued an Opinion and Order [44] sustaining plaintiffs' objections to

the Findings and Recommendation, denying Illinois Union's summary judgment motion, and

directing Illinois Union to identify any remaining issues of material fact that preclude granting

summary judgment to plaintiffs.  For the following reasons, plaintiffs' Cross Motion for

Summary Judgment [16] is granted.

## BACKGROUND

Detailed accounts of the facts alleged in this matter have been set forth in the prior

Findings and Recommendation.  The material facts are not in dispute, and need be reviewed only

where relevant.  On June 3, 2005, six shareholders of MegAvail, Inc. (MegAvail) sued

MegAvail and four of its officers and directors (plaintiffs in this action) alleging that their

interests as shareholders had been diluted and damaged by acts of MegAvail and its officers and

directors (the Underlying Lawsuit).  Two plaintiffs in the Underlying Lawuit were prior directors

and officers of MegAvail.  MegAvail tendered defense of the lawsuit to Illinois Union pursuant

to MegAvail's director & officer insurance policy (the Policy).

Illinois Union declined to defend the Underlying Lawsuit, relying upon an "Insured v.

Insured" exclusion in the Policy.  This exclusion provides that Illinois Union is not liable to

defend any claim filed "by, on behalf of, or at the direction of any of the Insureds," which

includes "all persons who were, now are, or shall be directors, officers or employees" of

MegAvail.  Aff. of Michael E. Merchant Supp. Pls.' Mot. Summ. J., Ex. B, at p. 4.  An exception

to this exclusion provides that such a claim will be covered "to the extent such Claim is brought derivatively by a security holder of [MegAvail] who, when such Claim is first made, is acting independently of all of the Insureds." *Id.*

After Illinois Union's refusal, plaintiffs sued Illinois Union for breach of insurance contract and indemnity. Both parties sought summary judgment on the limited issue of whether Illinois Union had a duty to defend plaintiffs in the Underlying Lawsuit. This court denied summary judgment to Illinois Union, ruling that the "Insured v. Insured" clause did not excuse Illinois Union's denial of coverage because the Underlying Lawsuit was not collusive. *See, e.g., Township of Center, Butler Co., Pa. v. First Mercury Syndicate, Inc.*, 117 F.3d 115, 119 (3rd Cir. 1997) (finding that an "Insured v. Insured" exclusion did not preclude coverage where the underlying action was not a collusive attack).

The parties now agree that their cross-motions raised the sole issue of whether Illinois Union had a duty to defend plaintiffs in the Underlying Lawsuit, and did not address Illinois Union's duty to indemnify or allocate among the covered and uncovered claims. Accordingly, the question presented is whether any remaining issues of material fact preclude granting summary judgment to plaintiffs as to Illinois Union's duty to defend.

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

3 - ORDER

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id*. at 324. Assuming that there has been sufficient time for discovery, summary judgment should be entered against a "party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

## ANALYSIS

Whether Illinois Union had a duty to defend plaintiffs in the Underlying Lawsuit requires interpretation of the Policy and thus presents a question of law for the court to decide. *See Hoffman Const. Co. v. Fred S. James & Co.*, 836 F.2d 703, 706 (Or. 1992) (interpretation of an insurance policy is a question of law); *Protection Mut. Ins. Co. v. Mitsubishi Silicon*, 992 P.2d 479, 481 (Or. App. 1999) (dispute over scope of an insurance policy's coverage requires interpretation of the policy, a question of law). Illinois Union had a duty to defend, and summary judgment in favor of plaintiffs is appropriate, if "the complaint [from the Underlying Lawsuit] provides *any basis* for which the insurer provides coverage." *Ledford v. Gutoski*, 877 P.2d 80, 83 (Or. 1994) (emphasis in original). Thus, even if the Underlying Lawsuit alleged some conduct outside the coverage of the Policy, Illinois Union still had a duty to defend if other allegations could impose liability for conduct covered by the Policy. *See id.*

Illinois Union contends that granting summary judgment in favor of plaintiffs on the duty to defend would be error because it would be based on a "faulty assumption" that the Underlying Lawsuit was not collusive. Illinois Union argues that although the Underlying Lawsuit "might

not be friendly," a reasonable factfinder could find that it was collusive.  This court construes

this aspect of Illinois Union's supplemental brief as a Motion for Reconsideration regarding this

court's prior ruling on the collusiveness issue.

A lawsuit is collusive if it seeks to force an insurer to pay for the poor business decisions

of the insured company's officers or managers, such as suits in which a corporation sues its

officers or directors in an effort to recoup operational losses caused by their business mistakes.

*Township of Center,* 117 F.3d at 119 (finding that a wrongful discharge suit brought by a former

employee clearly was not collusive).  On its face, the Underlying Lawsuit was not collusive, as

defined by *Township of Center.*  MegAvail was not suing its own officers or directors.  Instead,

MegAvail's minority shareholders and two prior directors sued it, claiming that the plaintiffs in

this action effectively squeezed them out of the corporation and forced them to relinquish their

patent rights by illegally diluting their shares and imposing unjustified debt on the company.

Illinois Union claims that the Underlying Lawsuit was a collusive attack because

plaintiffs have asked it to pay for the consequences of allegedly poor business decisions by

MegAvail's then management and directors.  However, construing "collusive" in this manner

would broaden the term so much as to encompass all shareholder actions arising out of director

misfeasance.  Any action could be characterized as arising from "poor business decisions" that

harmed the corporation and, by extension, its shareholders.  Such a result would defeat a primary

purpose of obtaining director and officer liability insurance and would be contrary to the Policy's

"Insured v. Insured" exclusion, which expressly exempts independent derivative shareholder

claims.  As another court noted, such an exception for derivative shareholder claims

"demonstrates that [the insurer] intended to place itself on the risk for actions against the

5 - ORDER

directors and officers based upon allegations of mismanagement, waste, fraud, or abuse of [the insured company]." *See Fidelity and Deposit Co. of Maryland v. Zandstra*, 756 F. Supp. 429, 431 (N.D. Cal. 1990). The Underlying Lawsuit's allegations of breach of fiduciary duties and usurpation of corporate opportunities, among others, clearly fall within the ambit of these assumed risks and so provide a basis for coverage under the Policy.

## CONCLUSION

Having reconsidered the record and the relevant law, the court reaffirms its conclusion that the underlying action was not collusive. The court also reaffirms its conclusion that, under Oregon law, the uninsured plaintiffs acted independently of the former directors. Therefore, as a matter of law, Illinois Union's duty to defend plaintiffs in the Underlying Lawsuit was not excused by the "Insured v. Insured" exclusion, and Illinois Union was obligated to defend plaintiffs in the Underlying Lawsuit. Plaintiffs' Motion for Summary Judgment [16] as to Illinois Union's duty to defend is GRANTED. Illinois Union's Memorandum Regarding Plaintiffs' Motion for Partial Summary Judgment Regarding the Duty to Defend [45] is construed as a Motion to Reconsider and is DENIED. The parties shall conduct discovery and litigate the remaining issues of allocation, Illinois Union's duty to indemnify, and damages.

IT IS SO ORDERED.

DATED this  26   day of October, 2006.


                                        /s/ ANCER L. HAGGERTY
                                        ANCER L. HAGGERTY
                                        United States District Judge



6 - ORDER